**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

MARGARITO RODRIGUEZ,
*on behalf of himself, FLSA Collective Plaintiffs and the Class,*

        Plaintiff,

   v.

MINOS DINER, INC.
    d/b/a WOODROW DINER,
ANNADALE TERRACE CORP.
    d/b/a ANNADALE TERRACE,
813 ANNADALE CORP.
    d/b/a PRIVE,
MAGDY KHEIR and
STAVROS BAKOUSSIS,

        Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

Plaintiff, MAGARITO RODRIGUEZ, ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, MINOS DINER, INC. d/b/a WOODROW DINER, ANNADALE TERRACE CORP. d/b/a ANNADALE TERRACE and 813 ANNADALE CORP. d/b/a PRIVE, (the "Corporate Defendants"), MAGDY KHIER and STAVROS BAKOUSSIS (the

1

"Individual Defendants", and collectively with the Corporate Defendants, the "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime compensation due to a fixed salary; (2) liquidated damages; and (3) attorney's fees and costs.

2. Plaintiff further alleges that, pursuant to New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime compensation due to a fixed salary; (2) unpaid spread of hours premiums; (3) statutory penalties; (4) liquidated damages, and (5) attorney's fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, MARGARITO RODRIGUEZ, for all relevant time periods, was a resident of Staten Island, NY.

6. Individual Defendants own and operate three (3) restaurants in Staten Island, NY under the following trade names and locations:

    a. Woodrow Diner – 655 Rossville Avenue, Staten Island, NY 10309;

    b. Annadale Terrace – 801 Annadale Road, Staten Island, NY 10312; and

      c. Prive – 813 Annadale Road, Staten Island, NY 10312.

      (collectively, the "Restaurants")

7. Defendants own and operate the Restaurants as a single integrated enterprise. Specifically, the Restaurants are engaged in related activities, share common ownership and have a common business purpose:

      a. All the Restaurants share a common ownership, they are owned and managed by Individual Defendants. *See* **Exhibit A** for the Restaurants' liquor licenses.

      b. Despite being a very short walking distance from each other, supplies are interchangeable among the Restaurant locations.

8. Corporate Defendant, MINOS DINER, INC. d/b/a WOODROW DINER, is a domestic business corporation organized under the laws of New York, with a principal place of business located at 655 Rossville Avenue, Staten Island, NY 10309 and a service of process location at Woodrow Diner, 655-210 Rossville Avenue, Staten Island, NY 10309.

9. Corporate Defendant, ANNADALE TERRACE CORP. d/b/a ANNADALE TERRACE, is a domestic business corporation organized under the laws of New York, with a principal place of business and a service of process address located at 801 Annadale Road, Staten Island, NY 10312.

10. Corporate Defendant, 813 ANNADALE CORP d/b/a PRIVE, is a domestic business corporation organized under the laws of New York, with a principal place of business and a service of process address located at 813 Annadale Road, Staten Island, NY 10312.

11. Individual Defendant MAGDY KHEIR is an owner and principal of Corporate Defendants. Defendant MAGDY KHEIR exercised control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Defendant MAGDY KHEIR frequently visited

3

both of the Restaurant locations. Defendant MAGDY KHEIR exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Defendant MAGDY KHEIR directly regarding any of the terms of their employment, and Defendant MAGDY KHEIR had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

12. Individual Defendant STAVROS BAKOUSSIS is an owner and principal of Corporate Defendants. Defendant STAVROS BAKOUSSIS exercised control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Defendant STAVROS BAKOUSSIS frequently visited both of the Restaurant locations. Defendant STAVROS BAKOUSSIS exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Defendant STAVROS BAKOUSSIS directly regarding any of the terms of their employment, and Defendant STAVROS BAKOUSSIS had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

4

13. At all relevant times, the Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of FLSA and NYLL and the regulations thereunder.

14. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including but not limited to cooks, food preparers, bartenders, waiters, bussers, food runners, delivery persons, cashiers, dishwashers, housekeeping persons and porters, employed by Defendants on or after the date that is six years before the filing of the Complaint ("FLSA Collective Plaintiffs").

9. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs have been and are similarly situated, have had substantially similar job requirements and pay provisions, and have been and continue to be subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all of which have culminated in a willful failure and refusal to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. Further, with respect to tipped employees (the "Tipped Subclass"), Defendants were not entitled to take any tip credits under FLSA, or to compensate Plaintiff and FLSA Collective Plaintiffs at sub-minimum wage base hourly rates, because they failed to satisfy all statutory requirements for taking a tip credit.

16. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs

are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

17. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees, including but not limited to cooks, food preparers, bartenders, waiters, bussers, food runners, delivery persons, cashiers, dishwashers, housekeeping persons and porters, employed by Defendants on or after the date that is six years before the filing of the Complaint (the "Class Period").

18. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are able to be determined from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

19. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of waiters, servers, runners, delivery persons and busboys ("Tipped Subclass") who also number more than forty (40).

20. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, including: (i) failing to pay overtime compensation at one-and-one-half times their hourly rate, due to a fixed salary; (ii) failing to pay spread of hours premiums; (iii) failing to provide wage statements in compliance with New York Labor Law; and (iv) failing to provide wage and hour notices upon hiring and as required thereafter pursuant to New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures. With respect to the Tipped Subclass, Defendants unlawfully claimed a tip credit without satisfying all statutory requirements for taking a tip credit.

21. Furthermore, a subclass of all Class Members who were tipped employees also suffered as a result of Defendants' failure to pay them the proper minimum wage, Defendants' unlawful withholding of gratuities through an invalid tip pooling scheme, and Defendants' unlawful misappropriation of the tips that they earned. Plaintiffs and the Tipped Subclass members were subjected to Defendants' policy and practice of deducting a tip credit despite Defendants' failure to observe requirements of NYLL. In violation of NYLL, Defendants: (i) failed to provide notice that a tip credit was being claimed; (ii) failed to record the tip credit allowance taken on periodic wage statements given to Plaintiffs and Tipped Subclass members; (iii) required Plaintiffs and Tipped Subclass members to spend two (2) hours, or twenty percent (20%) of each shift engaged in non-tipped activities; (iv) allowed management to retain gratuities without providing notice to customers that management was retaining such fees; and (v) implemented an invalid tip-

7

pooling scheme not agreed upon by tipped employees, whereby Plaintiffs and Tipped Subclass Members were required to share tips earned with non-tipped employees.

22. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

23. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided

by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24. Defendants and other employers throughout the state violate New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights, while eliminating or reducing these risks.

25. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class within the meaning of New York law;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

    c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

    d) Whether Defendants paid Plaintiff and Class members the proper overtime premium at one-and-one-half times their straight time hourly rate for all hours worked in excess of forty (40) hours each week;

    e) Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

f) Whether Defendants paid the spread of hours premiums owed to Plaintiff and Class members for working more than ten hours per day as required by New York Labor Law;

g) Whether Defendants properly provided notice to members of the Tipped Subclass that Defendants were taking a tip credit;

h) Whether Defendants retained service charges without providing notice to customers that management was sharing a portion of the service charges;

i) Whether Defendants provided proper wage statements informing the Tipped Subclass members of the amount of tip credit taken for each payment period, their proper overtime rate of compensation and other information required to be provided on wage statements, as required under New York Labor Law;

j) Whether Defendants established the tip payment structure for the Tipped Subclass members;

k) Whether Defendants mandated an unlawful tip-pooling scheme whereby Plaintiffs and Class members were required to share tips earned with non-tipped employees;

l) Whether Defendants took the proper amount of tip credit allowance under New York Labor Law;

m) Whether Defendants required Tipped Subclass members to perform non-tipped duties exceeding twenty percent (20%) of each workday;

n) Whether Defendants established the tip payment structure for Class members without the agreement or consent of the Class members;

o) Whether Defendants paid Plaintiffs and Tipped Subclass members the state minimum wage for all hours worked;

p) Whether Defendants provided to Plaintiff and Class members proper wage and hour notices at date of hiring, per requirements of New York Labor Law; and

q) Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law.

## STATEMENT OF FACTS

26. In or around June 2000, Plaintiff was hired by Defendants to work as a dishwasher and salad preparer at Woodrow Diner located at 655 Rossville Avenue, Staten Island, NY 10309. Plaintiff's employment with Defendants was terminated on October 2, 2021.

27. From the beginning of Plaintiff's employment to March 2020, Plaintiff worked seven (7) days per week, from 11:00 a.m. to 9:00 p.m. for ten (10) hours per day, for a total of seventy (70) hours each week.

28. From April 2020 to the end of Plaintiff's employment, Plaintiff worked seven (7) days per week, from 1:00 p.m. to 1:00 a.m. for twelve (12) hours per day, for a total of eighty-four (84) hours each week. During Plaintiff's employment with Defendants, FLSA Collective Plaintiffs, and Class members worked similar hours.

29. Throughout Plaintiff's employment with Defendants, he was paid in cash at a fixed salary rate of $100 per day, regardless of his actual hours worked, and there was never any understanding that the fixed salary was intended to cover any overtime hours over forty (40) hours. Class members were paid at a similar rate.

30. At all relevant times, Plaintiff did not receive any overtime compensation, despite working over forty (40) hours each week. Class members similarly did not receive any overtime compensation.

31. At all relevant times, Plaintiff worked in excess of ten (10) hours every workday, but he was not compensated his spread of hours premiums. Class members similarly did not receive their spread of hours premiums for workdays that exceed ten (10) hours in length.

32. Defendants knowingly and willfully operated their business with a policy of not paying the proper overtime for all hours worked in excess of forty (40) hours in a workweek to Plaintiff, FLSA Collective Plaintiffs and Class members.

33. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collectives and Class members the spread of hours premiums for workdays that exceed ten (10) hours in duration.

34. Defendants never provided Plaintiff with wage notices, as required by NYLL. Similarly, FLSA Collective Plaintiffs and Class members were never provided with any wage notices.

35. Defendants did not provide Plaintiff with proper wage statements, in violation of NYLL. Similarly, FLSA Collective Plaintiffs and Class members were not provided with proper wage statements.

36. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF FAIR LABOR STANDARDS ACT

37. Plaintiff realleges and reavers all allegations in the preceding paragraphs 1- 36 of this class and collective action Complaint as if fully set forth herein.

38. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of FLSA.

40. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

41. At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiffs for their hours worked. Defendants were also not entitled to claim any tip credits because they failed to satisfy the statutory requirements under FLSA.

42. At all relevant times, Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of one-and-one-half times their straight time base hourly rates for each hour worked in excess of forty (40) hours each workweek.

43. Records, if any concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain all records by

appropriate discovery proceedings to be taken promptly in this case, and if necessary, will seek leave of the Court to amend this Complaint to set forth the precise amount due.

44. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under FLSA.

45. As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to FLSA.

46. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime compensation, and an equal amount as liquidated damages.

47. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF NEW YORK LABOR LAW

48. Plaintiff realleges and reavers all allegations in the preceding paragraphs 1 - 47 of this class and collective action Complaint as if fully set forth herein.

49. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of New York Labor Law, §§2 and 651.

50. Defendants willfully violated Plaintiff and Class members' rights by failing to pay them minimum wages in the lawful amount for hours worked. As factually described above, Defendants were not entitled to claim any tip credits under New York Labor Law with respect to the Tipped Subclass.

51. Defendants willfully violated Plaintiff and Class member's rights by failing to pay them overtime compensation at the rate of one-and-one half times their straight time base hourly

rates for each hour worked in excess of forty (40) hours each workweek.

52. Defendants willfully violated Plaintiff and Class members' rights by failing to pay them the spread of hours premiums, in direct violation of New York Labor Law.

53. Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of New York Labor Law.

54. Defendants failed to provide a proper wage and hour notice, on the date of hiring and annually, to all non-exempt employees per requirements of New York Labor Law.

55. Defendants failed to provide proper wage statements with every payment as required by New York Labor Law § 195(3).

56. Due to Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime compensation, spread of hours premiums, reasonable attorney's fees, liquidated damages, statutory penalties and costs and disbursements of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wages due under New York Labor Law;

d.  An award of unpaid overtime compensation due under FLSA and New York Labor law;

e.  An award of unpaid spread of hours premiums due under New York Labor Law;

f.  An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

g.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage pursuant to New York Labor Law;

h.  An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages, pursuant to FLSA or NYLL;

i.  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorney's and expert fees and statutory penalties;

j.  Designation of Plaintiff as Representative of FLSA Collective Plaintiffs;

k.  Designation of this action as a class action pursuant to F.R.C.P. 23;

l.  Designation of Plaintiff as Representative of the Class; and

m.  Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: February 24, 2022

        Respectfully submitted,

        LEE LITIGATION GROUP, PLLC
        C.K. Lee (CL 4086)
        Anne Seelig (AS 3976)
        148 West 24th Street, Eighth Floor
        New York, NY 10011
        Tel.: 212-465-1188
        Fax: 212-465-1181
        *Attorneys for Plaintiff, FLSA Collective*
        *Plaintiffs and the Class*

        By: */s/ C.K. Lee*
            C.K. Lee, Esq.